# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHARLES JARRELL,**
**Claimant Below, Petitioner**

**FILED**
**September 4, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-87**          (JCN: 2022024670)

**BLACKHAWK MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Jarrell appeals the February 5, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Blackhawk Mining, LLC, ("Blackhawk") filed a response.[1] Mr. Jarrell did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which granted Mr. Jarrell a 10% permanent partial disability ("PPD") award for occupational pneumoconiosis ("OP"), and instead granting him 0% PPD.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 12, 2022, Mr. Jarrell filed a claim for OP. Accompanying his claim was a pulmonary function study from New River Health dated March 23, 2022. Those studies showed a mild obstruction and the DLCO was normal. By order dated June 17, 2022, the claim administrator held the claim compensable for OP on a nonmedical basis and subject to the rebuttable presumption set forth in West Virginia Code § 23-4-8c(b).[2]

---

[1] Mr. Jarrell is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Blackhawk is represented by Billy R. Shelton, Esq.

[2] West Virginia Code § 23-4-8c(b) (2009) provides:

> If it can be shown that the claimant . . . has been exposed to the hazard of inhaling minute particles of dust in the course of and resulting from his or her employment for a period of ten years during the fifteen years immediately preceding the date of his or her last exposure to such hazard and that the claimant . . . has sustained a chronic respiratory disability, it shall be

On October 25, 2022, the OP Board examined Mr. Jarrell, noting that he had been exposed to an occupational dust exposure for 43 years, which was sufficient to have caused OP or to have perceptibly aggravated a preexisting OP. The chest x-ray, as interpreted by the OP Board, revealed insufficient pleural or parenchymal changes to establish a diagnosis of OP. Although the Board performed pulmonary function studies, it based its finding of 10% pulmonary function impairment on the New River Health studies performed in March of 2022. Based on the OP Board's findings, the claim administrator issued an order dated December 16, 2022, granting a 10% PPD award. Mr. Jarrell and Blackhawk protested this order to the Board.

The members of the OP Board testified at an initial hearing in this claim on March 1, 2023. Jack L. Kinder, M.D., testified that he reviewed the New River Health pulmonary function study, and noted that the spirometry study was valid and reproducible on its face. Further, Dr. Kinder remarked that after making necessary adjustments for a super volume, the study reflected 15% overall impairment. On the other hand, Dr. Kinder testified that the diffusion study could not be the basis for an impairment recommendation because there was no carboxyhemoglobin level recorded as required to validate that part of the test. According to Dr. Kinder, the OP Board's spirometry study from October 2022 was also valid and reproducible on its face, but neither it nor the Board's diffusion study demonstrated any impairment. Dr. Kinder explained that the OP Board determined that the New River Health study was the better study because it had a greater FVC volume. However, the OP Board found cause to adjust the 15% overall impairment to 10% for OP because of Mr. Jarrell's smoking history, the lack of x-ray findings of pneumoconiosis, and the finding of harsh breath sounds.

Blackhawk submitted a report of George L. Zaldivar, M.D., dated June 3, 2023. Dr. Zaldivar performed a record review of the pulmonary function tests and the OP Board's testimony at the initial hearing. In his opinion, the discrepancy between the pulmonary testing by New River Health and the OP Board was due to a less than maximal effort at New River Health. Dr. Zaldivar pointed to the "appearance of all the flow/volume loops" revealed on the New River Health testing as evidence of his theory and concluded that there was no pulmonary impairment demonstrated by any of the testing.

At the final hearing conducted in this matter on November 15, 2023, Dr. Kinder testified that the OP Board does not use a flow volume loop, as it is not mentioned in the West Virginia "system", but instead the OP Board uses the "volume time curve" as the standard.[3] Thus, Dr. Kinder expressed his disagreement with Dr. Zaldivar on this point.

---

presumed that the claimant is suffering . . . from occupational pneumoconiosis which arose out of and in the course of his or her employment. This presumption is not conclusive.

[3] *See* West Virginia Code of State Rules § 85-20-52.9(e) (2006).

However, Dr. Kinder testified that he again reviewed the New River Health study, with more scrutiny, and noted it contained a comment by the technician that there was "no plateau at the end of expiration detected." Dr. Kinder stated that when he reevaluated the study, specifically looking at the tracings on the volume time curve, he agreed that "[i]t did go too long." Further, Dr. Kinder explained that if there was no plateau achieved, it would mean that the person continued to breathe out and a higher volume was invalidly achieved. Thus, Dr. Kinder testified that the OP Board should not use the New River Health study, as it was not valid and reproducible; instead, Dr. Kinder testified that the OP Board would rely on its October 2022 testing, which was valid and revealed 0% impairment.

The Board issued an order dated February 5, 2024, that reversed the claim administrator's order of December 16, 2022, and instead granted 0% PPD in this claim, based on the OP Board's testimony given at the final hearing. The Board noted that the OP Board concluded that the New River Health pulmonary study was invalid as there was no plateau achieved at the end of the expiration. The Board found that the OP Board's findings at the final hearing were not clearly wrong, and thus, reversed the claim administrator's December 16, 2022, order and granted no award in the claim. Mr. Jarrell now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, No. 23-43, 2024 WL 1715166, __ W. Va. __, __ S.E.2d __ (2024).

3

On appeal, Mr. Jarrell argues that the Board was clearly wrong in upholding the OP Board's testimony at the final hearing, as it was arbitrary and clearly erroneous. Specifically, Mr. Jarrell maintains that further evidence should be obtained to explain the technician's comment on the New River Health study. Mr. Jarrell also contends that he was not given any notice that a comment by the technician in the New River Health report would be at issue, and therefore, more evidence should be obtained before the decision is made to completely invalidate the best study of record. We disagree.

First, we note that Mr. Jarrell introduced into the record the New River Health study, and he had time to thoroughly review its contents. Mr. Jarrell also had notice of Dr. Zaldivar's opinion. Second, as the Board noted in its order, at the final hearing, the OP Board reviewed the New River Health study in light of the report of Dr. Zaldivar and determined that the New River Health study was invalid. The OP Board did not blindly accept as true the New River Health technician's comment. Instead, as Dr. Kinder testified, the OP Board re-reviewed the New River Health study in detail and made its own determination that no plateau was achieved at the end of expiration, thus invalidating the study.

The Supreme Court of Appeals of West Virginia has held that the party protesting the findings of the OP Board has the burden to establish that the OP Board was clearly wrong. *See Rhodes v. Workers' Comp. Div.*, 209 W. Va. 8, 17, 543 S.E.2d 289, 298 (2000). Further, in accordance with West Virginia Code § 23-4-6a (2005), the OP Board's decision made following the hearing must be affirmed "unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." Upon review, we conclude that Mr. Jarrell has failed to establish that the Board erred in adopting the OP Board's recommendation.

Accordingly, we affirm the Board's February 5, 2024, order.

Affirmed.

**ISSUED:** September 4, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4